UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELATOR LLC et al., | No. 2:23-cv-00631-DAD-SCR |
| Plaintiffs, | |
| v. | ORDER GRANTING/DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANTS |
| WILLIAM E. TAYLOR, JR. et al., | |
| Defendants. | (Doc. No. 27) |

This matter is before the court on plaintiff Relator LLC's *ex parte* application for extension of time to serve defendants William Taylor, Jr. and Heath Quick. (Doc. No. 27.) On April 5, 2023, plaintiff filed this *qui tam* action pursuant to 31 U.S.C. § 3729 *et seq.* against defendants William E. Taylor Jr., Heath Quick, and Hometown Lender, Inc. (Doc. No. 1.) The action was sealed on April 5, 2023 (Doc. No. 2), then unsealed on April 11, 2025 after the government declined to intervene in this matter. (Doc. No. 18.)

In its pending *ex parte* application, plaintiff represents that its previous lead counsel on this case, attorney Julian Brew, passed away on February 14, 2025. (Doc. No. 27-1 at 2.) Mr. Brew was the only attorney listed on the docket for plaintiff in this matter until October 3, 2025. (Doc. No. 27-2 at 1.) The attorneys who assumed Mr. Brew's caseload after his passing were initially unaware that the undersigned had unsealed this action on April 11, 2025. (Doc. No. 27-1

1

at 2.) Upon discovery of the order unsealing the action, new counsel for plaintiff requested an amended summons which they sent for rushed service to all three defendants on October 3, 2025. (*Id.*) On October 8, 2025, a summons was returned executed for defendant Hometown Lender, Inc. (*Id.*) However, plaintiff was unable to serve defendants William Taylor Jr. and Heath Quick because the "business address on the Alabama Secretary of State's registry was outdated." (*Id.*); (Doc. No. 25.) Plaintiff represents that it "is continuing its efforts to serve Defendants William E. Taylor, Jr. and Heath Quick." (Doc. No. 27-1 at 2.) Plaintiff now moves *ex parte* for a 30-day extension of time to effect service on defendants William Taylor Jr. and Heath Quick pursuant to Federal Rules of Civil Procedure 4(m) and 6(b)(1)(B).

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "At minimum, 'good cause' equates with the 'excusable neglect' standard courts apply under Rule 6(b)." *Zero Motorcycles, Inc. v. Nikola Motor Co.*, No. 17-cv-05370-MEJ, 2018 WL 1696867, at *2 (N.D. Cal. Apr. 6, 2018) (citation omitted). "[M]istake or oversight does not constitute good cause for an extension of time under Rule 4." *Rodriguez v. Pfeiffer*, No. 1:21-cv-00572-JLTE-PG, 2022 WL 686454, at *2 (E.D. Cal. Mar. 8, 2022). However, a "plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control." *Third World Media, LLC v. Does 1-1568*, No. 10-04470-LB, 2011 WL 4344160, at *2 (N.D. Cal. Sept. 15, 2011) (citation omitted). In considering whether a plaintiff has made a showing of good cause, courts consider: "(1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service under FRCP 6(b)."

1  *Raiser v. San Diego Cnty.*, No. 19-cv-00751-GPC-KSC, 2019 WL 4675773, at *2 (S.D. Cal.
2  Sept. 25, 2019) (citation omitted).  Finally, even if plaintiff fails to demonstrate good cause for
3  extension of time for service, "the district court *may,* in its discretion, grant an extension [under
4  Rule 4(m)]."  *Brandon H. v. Kennewick Sch. Dist. No. 17*, 133 F.3d 925 (9th Cir. 1998) (emphasis
5  in original).

6  Here, the only attorney on behalf of plaintiff initially appearing on the docket in this
7  action, Mr. Brew, passed away before the undersigned unsealed the case.  (Doc. No. 27-1 at 2.)
8  Mr. Brew's passing "created a backlog of work" for his firm to parse through, which ultimately
9  lead to the service of process deadline passing unnoticed.  (*Id.*)  These events were beyond
10 plaintiff's control.  Moreover, plaintiff's new counsel immediately attempted to serve all
11 defendants after entering their appearance as the attorneys of record for plaintiff.  (Doc. Nos. 24;
12 27-2 at 1.)  Counsel's conduct in light of such unfortunate circumstances presented is reasonable
13 and diligent, not inadvertence.  *See Davis v. Walmart, Inc.*, No. 1:22-cv-01381-ADA-CDB, 2023
14 WL 3093803, at *1 (E.D. Cal. Apr. 26, 2023) ("'half-hearted' attempts to timely effect service do
15 not constitute good cause for an extension of the time to serve under Rule 4(m)").  Indeed, "'good
16 cause' is equated with diligence."  *Fisher v. TheVegasPackage.com, Inc.*, No. 2:19-cv-01613-
17 JAD-VCF, 2019 WL 6828295, at *1 (D. Nev. Dec. 12, 2019).  Furthermore, there are no
18 indications from the record that the unserved defendants will be prejudiced by the granting of an
19 extension to serve them.  Finally, even if plaintiff failed to establish good cause, the court could
20 exercise its discretion to extend the service of process deadline as other courts have done under
21 far more questionable circumstances.  *See Rodriguez*, 2022 WL 686454, at *2 (exercising Rule 4
22 discretion to grant a 60-day extension to serve party even though plaintiff's counsel was unaware
23 of that oversight until the court issued an order to show cause why that unserved party should not
24 be dismissed).

25 Ultimately, having considered plaintiff's *ex parte* request and the arguments set forth
26 therein, the court finds that there is good cause to grant plaintiff's request for a 30-day extension
27 /////
28 /////

3

of the time to effectuate service on defendants William Taylor Jr. and Heath Quick.  Accordingly, plaintiff shall serve defendants William Taylor Jr. and Heath Quick within 30 days of the issuance of this order.

     IT IS SO ORDERED.

Dated:  **October 14, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE